**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK, as Trustee, : : : : | |
| Plaintiff, : : | CIVIL ACTION NO. 1:12-CV-01392-RWS |
| v. : : | |
| ANDREW BECCAN and all others, : : : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Remand [7]. After reviewing the record, the Court enters the following order.

### **Background**

The instant litigation arises out of foreclosure proceedings on real property located at 4965 Prince Drive, Suwanee, Georgia, 30024 ("the Property"). (Pl.'s Mem. in Supp. of Mot. to Remand ("Pl.'s Mem."), Dkt. [7-1] at 1-2 of 13.) On November 1, 2011, Plaintiff initiated non-judicial foreclosure proceedings on the Property. (Id. at 3 of 13.) After demanding possession of the Property and being refused, Plaintiff filed a dispossessory complaint in the

Magistrate Court of Gwinnett County on December 29, 2011. (Id.) Defendant was served with the dispossessory complaint on January 3, 2012. (Id.) On January 18, 2012, the Magistrate Court of Gwinnett County awarded Plaintiff a Writ of Possession to the Property effective January 25, 2012. (Id.)

Defendant Andrew Beccan ("Beccan") filed a Notice of Appeal on January 24, 2012, and the case was docketed with the Superior Court of Gwinnett County on February 1, 2012. (Id.) Defendant filed a Notice of Removal pursuant to 28 U.S.C § 1332, 28 U.S.C. § 1348, 28 U.S.C. § 1443, and 42 U.S.C. § 3631 on April 20, 2012. (Defs.' Not. of Removal, Dkt. [1] at 1 of 19.) The case was then removed to this Court.

Plaintiff now moves the Court to remand this case back to state court. The Court sets out the legal standard governing motions to remand before reviewing Plaintiff's motion on the merits.

## Discussion

**I.   Legal Standard**

The removal of civil actions from state to federal courts is governed by 28 U.S.C. § 1441, which states:

2

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The aforementioned Acts of Congress have been the enaction of 28 U.S.C. §§ 1331 and 1332, which provide district courts with jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331) and claims brought by parties in diversity.[1]  The Supreme Court has ruled that in order for removal of a case from state court to a federal district court to be proper, "the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  <u>Gully v. First Nat. Bank</u>, 299 U.S. 109, 113 (1936) (citations omitted).  Additionally, "[i]n removal cases, the burden is on the party who sought removal to

---

[1] The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.  28 U.S.C. § 1332(a).

demonstrate that federal jurisdiction exists." Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) (internal quotations and citations omitted); see also Jefferson County, Ala. v. Acker, 527 U.S. 423, 430-31 (1999) ("[T]he federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal").

## II.   Analysis

First, the Court notes Plaintiff's argument that removal was improper because Beccan's Notice of Removal was untimely. (Pl.'s Mem., Dkt. [7-1] at 9-10 of 13.) The timeliness of a notice of removal is governed by 28 U.S.C. 1446(b)(1), which states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Based on the record, it appears that Defendant was served with Plaintiff's dispossessory complaint on January 3, 2012. Therefore, Beccan's thirty-day window to file a notice of removal closed on February 2, 2012. Beccan did not

4

file for removal until April 20, 2012.  Accordingly, Beccan's Notice of Removal was untimely.  However, out of an abundance of caution, the Court will review Beccan's grounds for removal on the merits.

> A.  <u>28 U.S.C. § 1332, Diversity Jurisdiction</u>

Beccan is correct in arguing that the parties involved in this case, himself and Bank of New York Mellon, are of diverse citizenship.  Plaintiff is incorporated under Delaware law and headquartered in New York.  Defendant is a resident of Georgia.  However, Plaintiff is not suing Defendant for damages, only for possession of the Property.  "[A]s a matter of law, [] a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." <u>Novastar Mortgage Inc. v. Bennett</u>, 173 F.Supp.2d 1358, 1361-62 (N.D. Ga. 2001); <u>see also</u> <u>Citimortgage v. Dhinoja</u>, 705 F.Supp.2d 1378, 1382 (N.D. Ga. 2010) ("[Defendant] cannot reduce benefit sought to a monetary sum and there is no pecuniary amount in controversy").  While these cases are not binding on the Court and serve only as persuasive authority, their reasoning is sound.  Plaintiff has not requested relief other than possession of the Property, and Beccan's request for relief in the amount of $1,250,000.00 on his counter-claim

5

against Bank of America, which is not at issue here, does not satisfy the amount in controversy set forth in 28 U.S.C. § 1332 because it is not set forth in Plaintiff's Complaint.  Accordingly, Beccan has not satisfied the amount in controversy requirement for authorizing removal based on diversity jurisdiction, and removal pursuant to 28 U.S.C. § 1332 would be improper.

      B.     28 U.S.C. § 1348, Banking Associations as a Party

Beccan argues that removal of this case to district court is proper based on 28 U.S.C. § 1348, which states:

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.

This suit was not commenced by the United States, and Beccan has not shown that he is acting under the direction of any officer of the United States. Additionally, the Court is not held to enjoin the Comptroller of Currency or any receiver acting under his direction in this case.  Therefore, removal of this case to district court pursuant to 28 U.S.C. § 1348 would be improper.

6

C.	28 U.S.C. § 1443, Civil Rights Cases

In a case based on civil rights violations, defendants may remove a state court case to a federal district court pursuant to 28 U.S.C. § 1443. In order for removal to be authorized under § 1443(1), the moving party must satisfy a two-pronged test. Georgia v. Rachel, 384 U.S. 780, 792, 794 (1966).

> First, the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality. This does not include rights of general application available to all persons or citizens. We have also explained that broad assertions under the Equal Protection Clause [] are insufficient to support a valid claim for removal under § 1443(1).

Taylor v. Phillips, 442 F. App'x 441, 442 (11th Cir. 2011) (internal quotations and citations omitted). In his Notice of Removal, Beccan does not provide any factual basis for why this case should be removed under § 1443. Additionally, the basis for removal must be present on the face of Plaintiff's Complaint, and Plaintiff's Complaint is purely a dispossessory proceeding with no reference to civil rights or violations thereof. Therefore, Beccan has failed to meet the first prong of the Rachel test, and his petition for removal pursuant to 28 U.S.C. § 1443(1) is improper.

7

Additionally, to the extent Beccan is attempting to base his petition for removal on 28 U.S.C. § 1443(2), this sub-section "confers the right to remove only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  Taylor, 442 F. App'x at 443.  Beccan has not shown that he is a federal officer or agent or that he is authorized to act with or for one.  Therefore, Beccan's petition to remove the case to federal district court is improper under both sub-sections of 28 U.S.C. § 1443.

D.   42 U.S.C. § 3631, Violations of Civil Rights

Beccan appears to argue that Plaintiff acted in violation of this federal statute, which imposes penalties on any person who "by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with" persons engaged in "selling, purchasing, renting, financing, occupying, or contracting or negotiating for the sale, purchase, rental, financing or occupation of any dwelling[]" on the basis of "race, color, religion, sex, handicap . . . , familial status . . . , or national origin."  If Beccan had brought suit himself and set forth a factual basis for the alleged violations in a well-pleaded complaint, this would indeed be grounds for removal based on federal

8

question jurisdiction pursuant to 28 U.S.C. § 1331.  However, Beccan is the Defendant, and Plaintiff has not laid out any factual basis for any such claims in its Complaint.  Unfortunately for Beccan, "the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." Acker, 527 U.S. at 430-31.  Therefore, it would be improper to remove this case to federal district court pursuant to 42 U.S.C. § 3631.

## Conclusion

In accordance with the foregoing, Plaintiff's Motion to Remand [7] is **GRANTED**.  The Clerk is **DIRECTED** to remand this case to the Superior Court of Gwinnett County.

**SO ORDERED**, this  1st  day of August, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)